IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


LONNIE LEE JERGENS,
        :
    Plaintiff-Petitioner,
        :
  vs.        Case No. 3:97cv348
        :  (Consolidated with 3:02cv426)

ANTHONY BRIGANO, WARDEN,    JUDGE WALTER HERBERT RICE
WARREN CORRECTIONAL INSTITUTION,:

    Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING CONSOLIDATED REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #57) ON MOTION FOR RELIEF FROM JUDGMENT AND DEFENDANT-RESPONDENT'S STATUTE OF LIMITATIONS DEFENSE AND AFFIRMING MAGISTRATE JUDGE'S DECISION AND ORDER DENYING DEFENDANT-RESPONDENT'S REQUEST TO TRANSFER TO THE SIXTH CIRCUIT AND PLAINTIFF-PETITIONER'S MOTION FOR EVIDENTIARY HEARING; PLAINTIFF-PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #58) OVERRULED; DECISION AND ENTRY OVERRULING DEFENDANT-RESPONDENT'S LIMITED OBJECTION (DOC. #59) TO SAID JUDICIAL FILING; PLAINTIFF-PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b) (DOC. #17 IN 3:02cv426) OVERRULED; PRIOR JUDGMENT DISMISSING PLAINTIFF-PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DOC. #35) UNDISTURBED; TERMINATION ENTRY

---

Based upon reasoning and citations of authority, set forth by the United States Magistrate Judge in his Consolidated Report and Recommendations on [Petitioner's] Motion for Relief from Judgment and Defendant-Respondent's statute

of limitations defense (Doc. #57) and in his Decision and Order denying Defendant-Respondent's request to transfer to the Sixth Circuit and Plaintiff-Petitioner's Motion for Evidentiary Hearing (*id*.), as well as upon a thorough *de novo* review of this Court's file, including Case 3:02cv426, consolidated with 3:97cv348 on March 12, 2003 (Doc. #47), and the applicable law, this Court adopts the aforesaid judicial rulings in their entirety, and overrules the Objections of the Plaintiff-Petitioner thereto (Doc. #58) and the Defendant-Respondent's Limited Objection to the Magistrate Judge's filing (Doc. #59).[1] [2]

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  The Rule 60(b) motion is properly retained in this Court, as opposed to being deemed a successive Petition and transferred to the Sixth Circuit Court of Appeals. The Plaintiff-Petitioner seeks to have this Court reconsider its previous

---

[1] All docket entry numbers are from 3:97cv348, into which 3:02cv426 was combined, save and excepting the Plaintiff-Petitioner's Motion for Relief from Judgment, Doc. #17 in 3:02cv426, from which all proceedings flowed, once the captioned causes were consolidated into 3:97cv348.

[2] Arguably, a request or motion to transfer an alleged successive habeas petition to the Sixth Circuit is a non-dispositive pretrial motion which may be decided by a Magistrate Judge in the first instance, pursuant to 28 U.S.C. § 636(b)(1)(A), and, accordingly, without the need for Report and Recommendations to the District Judge. However, given that the Magistrate's analysis and decision on this issue cannot be separated from the matters on which the underlying Report and Recommendations adopted herein are based, this Court takes this opportunity to indicate its approval of and agreement with the Magistrate Judge's decision in this regard.

Decision in Case No. 3:97cv348 that his claims of ineffective assistance of counsel were barred by his procedural default. With his Rule 60(b) motion, he challenges the holding of procedural default. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed the issue of when a motion under Rule 60(b) constitutes a successive application for a writ of habeas corpus, which must be referred to the Court of Appeals (*see* 28 U.S.C. § 2244(b)), and when such a motion is not a successive application, leaving the District Court free to resolve it. The *Gonzalez* Court explained that a Rule 60(b) motion is a successive petition when it "advances one or more claims." *Id.* at 532. The Court noted, *inter alia*, that such a motion "can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id*. (emphasis in the original; footnote omitted). The *Gonzalez* Court explained the meaning of the phrase "on the merits:"

> The term "on the merits" has multiple usages. See, *e.g.*, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. *He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar*.

*Id*. at 523 n. 4 (emphasis added).  In *Gonzalez*, the petitioner, in his Rule 60(b) motion, had argued that a new interpretation of the statute of limitations for habeas petitions meant that the previous denial of his application, as barred by the statute of limitations, was erroneous.  The Supreme Court concluded that the Eleventh Circuit had erroneously held that the petitioner's motion was a successive petition, although it concluded that the new interpretation of the statute of limitations did not constitute grounds for relief from judgment therein.

In *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), a case arising under circumstances similar to this litigation, the Fifth Circuit held that the petitioner's Rule 60(b) motion did not constitute a successive petition.  Therein, the petitioner's claim for habeas corpus on the basis of ineffective assistance of counsel had been denied as procedurally defaulted.  He subsequently returned to state court to raise that claim, after which he sought relief from judgment in his federal habeas action in accordance with Rule 60(b), arguing that it was not then procedurally defaulted.  Similarly, herein, the Plaintiff-Petitioner in his Rule 60(b) motion challenges the previous holding concerning procedural default, given that he has now taken advantage of state remedies.

2. The Rule 60(b) motion, which is properly retained in this Court (as opposed to being deemed a successive Petition and transferred to the Sixth Circuit Court of Appeals), is untimely.  Final judgment was entered in 1998, when this Court dismissed the Plaintiff-Petitioner's Petition for Writ of Habeas Corpus, and

the matter became final on appeal in February, 2000.  Plaintiff-Petitioner then waited from then until October, 2001, to file his 26(B) application in the state courts.  The state court process, in which he was found to be many years delinquent, ended on May 1, 2002, when the Ohio Supreme Court declined review.  Plaintiff-Petitioner contends he had to wait until the Sixth Circuit decided his case on direct appeal, before filing his Rule 26(B).  Assuming, *arguendo*, that this is an accurate premise, he still delayed some 22 months after his appellate process became final.

3. Even if the Rule 60(b) motion were timely, it cannot be granted, given that Plaintiff-Petitioner has procedurally defaulted on his ineffective assistance of appellate counsel claim, in that, when he finally filed his 26(B) application, the Ohio Court of Appeals found that he was eight years too late, given that his state court conviction was affirmed by the state appellate court in 1993.

4. While Plaintiff-Petitioner argues that he timely raised his ineffective assistance of appellate counsel claim in 1992, by filing a Petition for Writ of Mandamus to force his appellate counsel to raise certain issues, such an argument is unavailing, given that, at the time he did so, the Ohio Supreme Court had already held that the one and only way to raise such a claim was by motion for reopening the appeal.  *State v. Murnahan*, 63 Ohio St. 3d 60, 584 N.E.2d 1204 (1992).

5. While the Supreme Court decision in *Edwards v. Carpenter*, 529 U.S. 446, 120 S. Ct. 1587 (2000), was indeed intervening law, it is of no help to

Petitioner's cause. The Supreme Court held in *Edwards*, that while ineffective assistance of appellate counsel can be an excusing cause for a procedural default, the claim of such ineffective assistance must first be presented to the state court and is itself subject to the procedural default rule. Such is exactly what occurred herein, given that the claim of ineffective assistance was procedurally defaulted.

WHEREFORE, based upon the aforesaid, this Court orders final judgment in favor of Defendant-Respondent and against Plaintiff-Petitioner, denying Plaintiff-Petitioner's Motion to Reopen the judgment rendered in 3:97cv348 (Doc. #35), thus leaving this Court's prior judgment dismissing the Petition for Writ of Habeas Corpus, with prejudice, undisturbed. Given that this Court has ruled on the within matter under the procedural vehicle of a motion for relief from judgment, no Certificate of Appealability is considered.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 7, 2008

/s/ Walter Herbert Rice
WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Daniel J. O'Brien, Esq.

David Bodiker, Esq.
M. Scott Criss, Esq.

Chief Magistrate Judge Michael R. Merz